Mr. Justice James
delivered the opinion of the Court:
This is an action of replevin. s At the trial a jury was waived, and the case was heard by the Court upon the following agreed statement of facts:
“ That one Alice Badson, wife of the defendant, on or about the 10th day of September, 1886, being the owner of a separate estate, undertook to carry on the jewelry business in the City of Washington, District of Columbia, and, between said date *223 and the institution of this suit, applied to the plaintiff, a resident and wholesale jewelry merchant in the city of New York, to purchase on credit goods and merchandise to be used in carrying on said trade or business, and the plaintiff accordingly furnished her with said goods or merchandise on credit to the value of about $1,100. That the said Alice Fadson having paid on account thereof the sum of $500, and there being something over $600 overdue, the plaintiff insisted either that this bill should be paid or that sufficient of the goods, furnished as aforesaid, should be returned to cancel the debt. In reply to this, Mrs. Fadson said she could pay nothing more on account of said goods until after the holidays, and also declined to. return the goods. Thereupon the plaintiff came on from New York to Washington and finding the defendant, the husband of the said Alice Fadson, in charge of the store, renewed his demand for payment or return of part of the goods as aforesaid. Payment not being made and defendant refusing to surrender up any of said goods, the plaintiff replevied the goods to the value of $239.60 by means of this suit. That the plaintiff furnished the goods to Alice Fadson in good faith, supposing her entitled to carry on business as married women are permitted to do under the laws of New York, where he resides, and that, as soon as he found to the contrary he instituted this suit, after demand and refusal, as above stated.”
This statement was supplemented by the further verbal concession of counsel at the trial that no sale of the goods in question to the defendant was contemplated by any of the parties.
We gather from this statement that in the beginning the purchase was entirely on credit, and that the payment on account was made at some later date. It does not appear whether the transaction was in New York (where a married woman is enabled by statute to carry on business as a sole trader, and for that purpose to make contracts within a limited amount), or in Washington; but that question seems to be immaterial, since that statute relates only to such persons acting as sole traders in that State. The validity of Mrs. Fad- *224 son’s purchase, and her title to the goods, depend only on the law of this District.
In this jurisdiction a married woman having separate property, can buy with it any kind of property. Power to acquire in this way is included in the power given to her by section 728 of the Revised Statutes to “convey” 'her own property. She must be able to make the contract for acquiring in order to a perfect exercise of power to dispose of her own. But is she capable to make a contract for acquiring title by a purchase on credit; that is to say, by a purchase not having relation to her separate property ?
We have several times been called on to determine when an action could be maintained against a married woman for the price of goods sold to her on credit, and have always held that, unless the purchase was “a contract having relation” to property which she already owned, her status in the transaction was just what it had been before the act; that is to say, it was determined by the common law, which made her incompetent to bind herself. We were not required in those cases to decide whether the purchaser had any right to the goods for which she failed or refused to pay. That question is now presented. We have to consider whether there is, in a married woman’s purchase of goods on credit, not having relation to her separate property, any contract at all, having any legal effect at all, between the alleged vendor and vendee.
We think there is none. To the making of a contract there must be at least two parties, both capable of consent; and in contemplation of the common law a wife does not count one. She is not for that purpose a person. But this stupid survival observes consistency. It does not on one hand declare her incapable to be a party to a contract, and on the other give effect to the part she takes by transferring to her the subject matter of the contract she could not make. It refuses to give to what is not a contract any of the effects of a contract. It is on this principle that it says goods are not sold when the contract of purchase is infected with fraud. One principle applies in both cases; goods may be taken back by replevin when the transaction which transferred them was not a contract.
*225 It is to be regretted that we cannot in this case pause here; but another question must be considered. Did the plaintiff continue to have a right to resume his possession after payment on account ?
We have already said that a married woman can effect a complete purchase by the payment of money, or the delivery of other value, at the time of the purchase. It is the exchange of what is hers for what she receives that executes the transaction and gives her title. We can perceive no difficulty therefore in her acquiring title by payment subsequently made and accepted. Such a disposal of her own property, accepted by the other, must operate as an exchange made then. If full payment is made for goods delivered on credit a complete exchange is effected and her title is perfect. The question, however, is — what is the effect of payment on account ?
It is clear that the parties themselves could at that time have applied such payment to particular goods. We do not undertake to decide that the rule which prescribes, as between debtor and creditor, the order of their right to apply part payments obtains in such a case. That rule is a rule of contract rights; it explains an existing contract, and operates where there are debts; but here the payment and acceptance were the steps which then and there produced a contract, and the application of such payment was then to be determined. Of course that determination must be by mutual consent. In the absence of evidence of any other agreement, we must construe the acts of payment and acceptance as indicating an agreement that such payment was to apply generally; that is to say, on all of the goods. Whether it had the effect of vesting at once in Mrs. Dadson an ownership in common, according to the ratio of the payment to the price of the whole, or to give her only a right to retain possession of the whole until she should be reimbursed, would be immaterial so far as the plaintiff’s right to take them by this writ was concerned. Since whatever interest Mrs. Dadson acquired related to all of the goods, the plaintiff could not treat any particular part of them as free from that interest.

Judgment for defendant affirmed.